[No. C039375. Third Dist. June 28, 2002.]

AMERICAN BUILDINGS COMPANY, Plaintiff and Respondent, v.
BAY COMMERICAL CONSTRUCTION, INC., et al., Defendants and
Appellants.

## COUNSEL

Alan R. Barnes for Defendants and Appellants.

Glassberg, Pollak & Associates, Robert L. Pollak and Harold B. Auerbach for Plaintiff and Respondent.

## OPINION

**BLEASE, Acting P. J.**—Defendants Bay Commercial Construction, Inc., and AmWest Surety Insurance Co., appeal from a judgment rendered after the trial court granted plaintiff American Buildings Company's motion for summary judgment.

Plaintiff brought this action to recover $41,775 on a contractor's payment bond for materials supplied to a now bankrupt subcontractor on a public works project commissioned by the City of Roseville.

Civil Code section 3098 requires that a person, within 20 days of furnishing labor or materials for a public work, must serve a "preliminary 20-day notice" in order to assert a claim for payment against a payment bond.[1] Section 3252, subdivision (b), provides an exception if notice "was not given as provided in Section 3098," providing written notice was given the surety and bond principal within 15 days after recordation of the notice of completion.

Plaintiff filed a notice entitled "Preliminary Notice on Payment Bond" more than 20 days after furnishing the materials, except for the minor amount of $625, and was precluded from asserting a claim under section 3098 for the balance of $41,150. However, the trial court ruled the preliminary notice complied with the notice requirements of section 3252 and plaintiff was entitled to enforce payment on the payment bond under that section.

Defendants claim the notice filed by plaintiff cannot serve as a notice under section 3252 because it was labeled "Preliminary Notice on Payment Bond" and complied with the notice requirements of section 3098 in an amount of $625. Accordingly, that was the only sum owing on the bond. We disagree.

The purpose of subdivision (b) of section 3252 is to provide relief to a supplier of material or labor who, through lack of sophistication or inadvertence, fails to comply with the preliminary bond notice requirements of section 3098. The provisions are complimentary. Relief under section 3252

---

[1]References to a section are to the Civil Code.

is not barred by partial compliance with section 3098 and may be sought for the amount of any claim for which the section 3098 notice was *not* timely given.

We shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Bay Commercial was the prime contractor on a public works project commissioned by the City of Roseville. Bay Commercial entered into a subcontract with McKay Construction, Inc. Plaintiff furnished materials to McKay Construction and McKay Construction used these materials in the performance of its subcontract. AmWest Surety executed a payment bond, with McKay Construction as principal and AmWest as surety.

The total value of the materials plaintiff furnished was $41,775.05. McKay did not pay plaintiff for the materials, and was in bankruptcy at the time this action was filed.

Plaintiff first furnished the materials for the project on August 26, 1999. On January 13, 2000, plaintiff served a written notice, entitled "Preliminary Notice on Payment Bond" by certified mail on AmWest, Bay Commercial and McKay Construction. The notice contained a description of the materials furnished (pre-engineered metal building components), the name of the company for whom the materials were furnished (McKay Construction), and the value of the materials furnished ($41,775.05). On the same date plaintiff served a "Stop Notice" on the City of Roseville on the same claim.

Plaintiff filed an action to recover on the payment bond on September 27, 2000. Defendants demurred, arguing plaintiff's January 13, 2000, notice was untimely because it was not provided within 20 days of the date plaintiff first supplied materials, as required by section 3098. The trial court overruled the demurrer, finding plaintiff was entitled to rely on section 3252, subdivision (b), which allows recovery on a payment bond in situations where the claimant did not give notice as provided in section 3098.

The parties do not dispute the notice was given the surety and bond principal, as required by section 3227,[2] within 15 days of recordation of the notice of completion of the project and functionally complied with the notice requirements of section 3252, subdivision (b).

---

[2] The requirements for a special preliminary notice on a payment bond pursuant to section 3252, subdivision (b), are "as provided in Section 3227." The notice must contain:

"(1) The kind of labor, services, equipment, or materials furnished or agreed to be furnished by the claimant.

Plaintiff moved for summary judgment. Defendants opposed the motion, again asserting that section 3098, subdivision (d) limits the amount for which a claimant may recover on a payment bond to the material furnished within 20 days prior to service of the preliminary notice or thereafter. Defendants claimed plaintiff supplied materials worth only $625.78 during that period.

The trial court concluded the notice given by plaintiff was not a "Preliminary Notice" pursuant to section 3098, subdivision (a) or (d), but did qualify as a notice to the surety and bond principal pursuant to section 3252, subdivision (b).

We agree with the trial court the notice given was proper pursuant to section 3252, and that plaintiff's recovery is not limited by section 3098, subdivision (d). We shall therefore affirm the judgment.

## DISCUSSION

Before a claimant may recover on a payment bond on a public works project, it must give a notice. The notice may be given either as a 20-day preliminary notice pursuant to section 3098, or as a special notice provided in section 3252, subdivision (b).

Section 3098 provides that a 20-day preliminary notice must be given prior to the "assertion of a claim" against a payment bond.[3] Section 3098 defines a "[p]reliminary 20-day notice" as "a written notice from a claimant that was given prior to the assertion of a claim against a payment bond . . . ."[4] The phrase "assertion of a claim" is given effect in subdivision (d), which states that a claimant is "*entitled* to assert a claim against a payment

"(2) The name of the person to or for whom the labor, services, equipment, or materials were furnished.

"(3) The amount in value, as near as may be determined, of any labor, services, equipment, or materials already furnished or to be furnished." (§ 3227, subd. (b).)

The notice must be served by personal service, or by certified or registered mail. (§ 3227.) The notice must be served on "the surety and the bond principal as provided in Section 3227 within 15 days after recordation of a notice of completion. If no notice of completion has been recorded, the time for giving written notice to the surety and the bond principal is extended to 75 days after completion of the work of improvement." (§ 3252, subd. (b).)

[3]The section 3098 20-day preliminary notice also serves as notice given prior to the filing of a stop notice on public work. A stop notice requires the public entity to withhold funds due the contractor in an amount sufficient to pay the stop notice claimant. (§ 3098, subd. (a); *Connolly Development, Inc. v. Superior Court* (1976) 17 Cal.3d 803, 809 [132 Cal.Rptr. 477, 553 P.2d 637].) The stop notice is not at issue in this case.

[4]Subdivision (a) of section 3098, in pertinent part, states: "no payment shall be withheld from the contractor pursuant to that notice unless the person has caused written notice to be

bond" only for "labor, service, equipment or material furnished within 20 days prior to the service of the preliminary notice, and at any time thereafter." (Italics added.)

Accordingly, to file a notice which "assert[s] a claim," and thus complies with section 3098, the claimant must be "entitled to assert a claim" and to do so must comply with the 20-day requirement.[5] Thus, not surprisingly, a "preliminary 20-day notice," as defined by section 3098, is one which complies with the 20-day requirement. As we shall see, that is the section 3098 notice to which section 3252, subdivision (b), refers.

In this case plaintiff complied with the 20-day requirement of section 3098, subdivision (d), only with respect to materials worth $625. Seizing on this partial compliance and the fact plaintiff characterized the notice as a preliminary bond notice, defendants assert plaintiff cannot claim "the 20-day public work preliminary bond notice was *not* given as provided in Section 3098," a precondition to recovery under the notice provisions of subdivision (b) of section 3252.[6] (Italics added.) The argument sounds in estoppel, although the defendants do not assert, nor could they, that they were mislead by the notice given them since plaintiff clearly gave notice of a claim for full payment on the payment bond.

given to the contractor, and the public agency concerned, not later than 20 days after the claimant has first furnished labor, services, equipment, or materials to the jobsite, stating with substantial accuracy a general description of labor, service, equipment, or materials furnished or to be furnished, and the name of the party to whom the same was furnished. This notice shall be served by mailing the same by first-class mail, registered mail, or certified mail, postage prepaid, in an envelope addressed to the contractor at any place the contractor maintains an office or conducts business, or his or her residence, or by personal service."

Subdivision (d) provides that if the notice is not given pursuant to subdivision (a), the claimant may give notice thereafter; however, "[t]he claimant shall . . . be entitled to assert a claim against a payment bond and file a stop notice only for labor, service, equipment, or material furnished within 20 days prior to the service of the preliminary notice, and at any time thereafter."

[5]The 20-day requirement is amplified in subdivision (d) to include materials provided "at any time thereafter," meaning after the filing of a 20-day notice. (§ 3098, subd. (d).) The bond claimant need not file multiple notices for each 20-day period during which materials or labor are furnished.

[6]Section 3252 states in full:

"(a) With regard to a contract entered into on or after January 1, 1995, in order to enforce a claim upon any payment bond given in connection with a public work, a claimant shall give the 20-day public works preliminary bond notice as provided in Section 3098.

"(b) If the 20-day public work preliminary bond notice was not given as provided in Section 3098, a claimant may enforce a claim by giving written notice to the surety and the bond principal as provided in Section 3227 within 15 days after recordation of a notice of completion. If no notice of completion has been recorded, the time for giving written notice to the surety and the bond principal is extended to 75 days after completion of the work of improvement."

Defendants' argument comes down to the claim that partial compliance with section 3098 bars recourse under section 3252, subdivision (b), as to amounts which were *not* furnished in compliance with the 20-day rule of section 3098. The immediate difficulty with the argument is there is no such requirement in the language of section 3252. As noted, recourse to the notice provisions of subdivision (b), may be had only "[i]f the 20-day public work preliminary bond notice was not given as provided in Section 3098 . . . ." Defendants do not deny that a section 3098 notice was *not* provided with respect to the amounts sought on the payment bond under section 3252, other than $625. They do not say by what construction of the statute or public policy they arrive at their conclusion. For them "a little notice is a dangerous thing."

The further difficulty with defendants' view is that plaintiff would be penalized for serving notice on more people and at an earlier time than required by section 3252, subdivision (b). Had plaintiff served only the surety and the bond principal, the notice unquestionably would not have complied with section 3098, subdivision (d), which requires that notice also be given to the contractor and the public agency. Had the notice not complied with section 3098, defendants could not now assert that plaintiff's recovery on the bond is limited by section 3098.

Defendants' interpretation would allow a claimant who gives notice only after the project is completed to recover its entire claim, while a claimant who may have given notice earlier could recover only a portion of its claim. The interpretation of these provisions creates a trap for the unwary subcontractor, who would risk recovery of the entire amount owed by giving a late 20-day preliminary notice, when he or she could have recovered the entire amount simply by waiting and asserting a claim on the payment bond, a trap which the Legislature was at pains to avoid.

As originally enacted, section 3252 provided a claimant on a payment bond must give notice within 90 days of the date on which the last labor, services, equipment or materials were furnished. (Stats. 1969, ch. 1362, §§ 3091, 3252, pp. 2754, 2779.) It did not require that a 20-day preliminary notice be given prior to asserting a claim on a payment bond. Thus, a supplier of labor, services, etc., who failed to give notice in time to recover on a stop notice, could still recover the entire amount from a payment bond by giving notice within 90 days after the labor, services, etc. were furnished.

Both sections 3252 and 3098 were amended in 1994 by means of Assembly Bill No. 3357 (1993-1994 Reg. Sess.). As introduced the bill eliminated

the 90-day notice provision of section 3252 and required a 20-day prelimi-
nary notice to enforce a claim on a payment bond under section 3098.
(Assem. Bill No. 3357 (1993-1994 Reg. Sess.) as introduced Feb. 24, 1994.)
The Assembly Committee on the Judiciary bill analysis states the amend-
ment was designed to ameliorate the problem of surprise to the original
contractor by the filing of a late claim by subcontractors. "In such a case,"
the analysis stated, "the original contractor is often unable to protect himself
or herself against such an event (through the use of joint checks or condi-
tional releases) because he or she is simply unaware of the 5th 'tier' and 6th
'tier' sub-subcontractor." (Assem. Com. on Judiciary, Analysis of Assem.
Bill No. 3357 (1993-1994 Reg. Sess.) May 11, 1994.) The analysis asserted
that a further advantage of the bill would be to allow the various preliminary
notices required by law to be given concurrently.

The bill was amended on June 16, 1994. Subdivision (d) was added to
section 3098, allowing a claimant to file a preliminary notice at any time
after 20 days from the date the claimant first furnished labor, services, etc.,
to the jobsite, but limiting recovery in such cases to the value of labor,
services, etc., furnished 20 days prior to or any time after the giving of the
notice. (Sen. Amend. to Assem. Bill No. 3357 (1993-1994 Reg. Sess.) June
16, 1994.)

Thereafter, the Senate Judiciary Committee considered a further and last
revision. The committee analysis sets forth the issue before the committee as
follows: "Should the procedure for a subcontractor's or material supplier's
assertion of a claim against a payment bond of the general contractor be
amended to require either the early filing of a preliminary notice, or the
filing of a claim with the surety within 15 days after a recorded notice of
completion, as a condition of asserting that claim?" (Sen. Com. on Judiciary,
Analysis of Assem. Bill No. 3357 (1993-1994 Reg. Sess.) as amended June
16, 1994.)

The analysis notes the proposed revision responded to a concern that
laborers and material suppliers who are unsophisticated or unaware of the
mechanic's lien law procedures might unfairly have their rights cut off by
the early notice provisions of the original bill. The proposed revision was
intended to allow "for full payment of provided services or materials so long
as a claim is made with 15 days after recordation of a notice of completion."
The revision appears as section 3252, subdivision (b) in the August 23,
1994, amendment of the bill. (Sen. Amend. to Assem. Bill No. 3357
(1993-1994 Reg. Sess.) Aug. 23, 1994.)

█ A statutory provision "must be given a reasonable and common
sense interpretation consistent with the apparent purpose and intention of the

lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." (*DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722], overruled on other grounds, *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 15 [78 Cal.Rptr.2d 1, 960 P.2d 1031].) From this history it may be said the Legislature intended section 3252, subdivision (b) to give the unsophisticated or unaware laborer or supplier a reasonable opportunity to recover a claim upon a payment bond, but did not intend to preclude them from filing an earlier notice of a potential claim.

We read sections 3098 and 3252 as complementary by construing section 3252, subdivision (b) to mean that a notice under that subdivision may be given if the notice given under section 3098 is insufficient to recover the amount owing whether in part or in whole.

We conclude that where timely notice is given meeting the requirements of section 3252, subdivision (b), the claimant may enforce a claim on a payment bond for the full amount of labor, material and services furnished the public project that are not otherwise recovered under section 3098.

DISPOSITION

The judgment is affirmed.

Morrison, J., and Robie, J., concurred.